## The Village of Bethany v. Everett O. Lee.

1. INJURIES—*what deemed part of.* Unskillful treatment of an ailment is regarded as a direct result of the injury complained of, if ordinary care was employed in selecting the physician who so unskillfully treated such ailment.

Action on the case for personal injuries. Appeal from the Circuit Court of Moultrie County; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed February 1, 1906.

E. J. MILLER and JOHN R. FITZGERALD, for appellant.

HARBAUGH & THOMPSON, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from a judgment for $350 recovered by appellee against appellant for damages resulting from injuries alleged to have been sustained by reason of the negligence of appellant in failing to keep a certain sidewalk within its corporate limits in a reasonably safe condition. It is urged as grounds for reversal that the court erred in giving certain instructions, that the verdict is contrary to the evidence, and that the damages are excessive. While the evidence is somewhat in conflict, there is sufficient in the record to warrant the jury in finding that on the date of the accident a certain plank sidewalk in appellant village had been in a defective and unsafe condition for such length of time that the officials of appellant would have, in the exercise of reasonable care, known of the same. While the declaration avers actual notice only of the condition of the sidewalk such averment is broad enough to admit evidence of constructive notice. There is also evidence tending to show that appellee was injured and that the approximate cause of such injury was the unsafe and defective condition of the sidewalk in question, and further that plaintiff at the time he received the injury was in the exercise of due care and caution for his own safety. These were all questions for the jury and we cannot say that their findings were manifestly against the evidence. It follows that the material averments of the declaration were established by the evidence and that a right of recovery existed.

While we do not wholly approve of appellee's second and third instructions upon the question of due care on his part, we are satisfied that the jury were not misled thereby to the prejudice of appellant, and that their verdict would have been the same had such instructions been technically correct. The evidence amply warrants a finding that appellee was in the exercise of such care as an ordinarily careful and prudent person, of whatever age, would have exercised both in going upon and in using the walk. The complaint that there was a variance between the pleadings and evidence as to the name of the street upon which the sidewalk was located is unwarranted.

We are unable to say that the damages awarded are excessive. There is evidence tending to show that appellee was unable to walk for several weeks, that he suffered considerable pain and that he has not yet fully recovered.

It is urged that the evidence tends to show that prior to the accident, appellee was afflicted with tuberculosis of the ankle joint, and that the condition of his ankle and his pain and suffering were largely the result of such disease coupled with alleged improper treatment of the case by the attending physician. Although the condition of the ankle after the accident might have been due in part to the diseased condition of the joint, if such condition was developed or accelerated by the injury complained of, and a cure thereby retarded, appellant's negligence may nevertheless be regarded as the proximate cause of the whole injury. If it be true that the ankle was improperly treated by the attending physician, it is also true that if ordinary care was used in the selection of such physician, the results of such unskilled or improper treatment and the attendant pain and suffering, may be regarded as part of the immediate and direct damages resulting from the original injury. R. Co. v. Saxby, 213 Ill., 274. It does not appear that due care was not exercised in this regard.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*